IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER J. BARNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-01001-JD |
| | ) |
| CHRISTE QUICK,[1] | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Amanda Maxfield Green entered on October 1, 2024. [Doc. No. 5]. Upon its de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court adopts the Report and Recommendation.

The Report and Recommendation applied Rule 4 of the Rules Governing Section 2254 Cases and examined the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1].[2] The Report and Recommendation notes that Petitioner challenges the administration of his criminal sentence and that he is presently confined at the Oklahoma State Penitentiary in McAlester, Oklahoma, which is in Pittsburg County in

---

[1] The Report and Recommendation properly substituted Christe Quick, the warden at the Oklahoma State Penitentiary, as the respondent in this § 2241 action. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall name "the person who has custody over him"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . .").

[2] The Report and Recommendation correctly noted that the Court "may apply 28 U.S.C. § 2254 rules to a § 2241 petition." [Doc. No. 5 at 1 n.2] (citing Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].")).

the Eastern District of Oklahoma. [Doc. No. 5 at 2]; *see also* 28 U.S.C. § 116(b). The Report and Recommendation recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma for all further proceedings because "the claim is potentially meritorious" and Judge Green "has reason to believe Petitioner filed this action here in good faith." [Doc. No. 5 at 3].

Judge Green advised Petitioner of his right to file an objection to the Report and Recommendation with the Clerk of Court by October 22, 2024, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. *Id.* at 4. Petitioner timely objected, stating that he "object[s] to the transfer" because the "frivolous writeup was entered in the Western District." [Doc. No. 6 at 1]. Petitioner's objection also expresses his concern that his action "will be transferred again" because he is currently awaiting a transfer to another prison. *Id.* Because Petitioner filed an objection to the Report and Recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citations omitted). Petitioner's § 2241 petition seeks "to restore lost credits

due to a frivolous write up"; it therefore attacks the execution of his sentence, not its legality. *See* [Doc. No. 1 at 1]. Because Petitioner is currently confined in the Eastern District of Oklahoma,[3] jurisdiction is proper in that court. Further, this Court does not have concurrent jurisdiction over this petition because Petitioner was convicted in Tulsa County, not in the Western District of Oklahoma. *See* 28 U.S.C. § 2241(d) (providing that "the district court for the district wherein such person is in custody" and "the district court for the district within which the State court was held which convicted and sentenced him . . . shall have concurrent jurisdiction to entertain" a § 2241 petition); *id.* § 116(a) ("The Northern District [includes] the count[y] of . . . Tulsa . . . .").

The Court agrees with the Report and Recommendation that a transfer, not a dismissal, is proper. "A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice," or the Court may instead "dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006). The Tenth Circuit has identified factors that weigh in favor of transfer, such as "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n.16 (internal quotation marks and citations omitted). Here, the Court agrees with Judge Green that a

---

[3] The Court takes judicial notice of the Oklahoma Department of Corrections Offender Lookup, and Petitioner's current facility remains the Oklahoma State Penitentiary in McAlester, Oklahoma. *See* https://okoffender.doc.ok.gov/ (last visited Oct. 28, 2024).

transfer is in the interests of justice because Petitioner's claim as pleaded potentially has merit and because his action was apparently filed in this Court in good faith. That Petitioner continues to insist in his objection to the Report and Recommendation that "[t]he frivolous writeup was entered in the Western District" suggests a good faith belief that he thought this Court was the proper forum for the filing of his petition. [Doc. No. 6 at 1].

The Court therefore ADOPTS the Report and Recommendation [Doc. No. 5] in its entirety. The Clerk of the Court is directed to TRANSFER this matter to the United States District Court for the Eastern District of Oklahoma for all further proceedings. The Court also directs the Court Clerk to mail a copy of this Order and the docket sheet in this action to Petitioner. *See* [Doc. No. 7].

IT IS SO ORDERED this 28th day of October 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE